AMENDED DLD-149                                             **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1157
_____

IN RE: NAADIR IBRAHIYM MUHAMMAD,
                                                   Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.C. Civil Nos. 1:12-cv-06836 and 1:12-cv-07206)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 7, 2013
Before: AMBRO, SMITH and CHAGARES, Circuit Judges

(Opinion filed: April 3, 2013)

_____

OPINION
_____

PER CURIAM

Pro se litigant Naadir Ibrahiym Muhammad asks us for a writ of mandamus directing

the United States District Court for the District of New Jersey to process and serve his petition

for a writ of habeas corpus in D.C. Civil No. 1:12-cv-06836, and his amended civil rights

complaint in D.C. Civil No. 1:12-cv-07206. The District Court has since dismissed without

prejudice Muhammad's habeas petition, rendering moot his mandamus petition insofar as it

1

relates to D.C. Civil No. 1:12-cv-06836. Following the District Court's dismissal in D.C. Civil No. 1:12-cv-06836, Muhammad sent a letter-motion to this Court requesting that we review the constitutionality of the District Court's action and change the District Judge assigned to his cases.

Mandamus is a "drastic remedy" available in extraordinary circumstances only. In re: Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A petitioner seeking the writ "must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Generally, a court's management of its docket is discretionary, In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982), and there is no "clear and indisputable" right to have a district court handle a case in a certain manner, see Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980). However, mandamus may be warranted when a district court's delay "is tantamount to a failure to exercise jurisdiction." Madden, 102 F.3d at 79.

The delay complained of by Muhammad is not tantamount to a failure to exercise jurisdiction. Because only three months have passed since Muhammad filed his amended complaint in D.C. Civil No. 1:12-cv-07206, the delay "does not yet rise to the level of a denial of due process." Id. (denying a mandamus petition where the district court had not ruled on petitioner's motion in four months). We are fully confident that the District Court will adjudicate Muhammad's complaint without undue delay.

Accordingly, we will deny Muhammad's petition for a writ of mandamus. We deny his letter-motion without prejudice to Muhammad's ability to revise his arguments in an appeal of the District Court's final order. Because the letter-motion evinces an intent by Muhammad to

2

appeal the District Court's dismissal of his petition in D.C. Civ. No. 1:12-cv-06836, we direct the Clerk of this Court to transmit Muhammad's letter to the District Court for treatment as a notice of appeal. The District Court should docket the notice of appeal as of March 15, 2013.